■ ANGEL L. RIVERA, an Infant, by His Father and Natural Guardian, INOCENCIO RIVERA, Appellants, v HUNTS POINT MEDICAL GROUP et al., Respondents. MUZII PHARMACY, INC., Sued Herein as MUZII DRUG CO., INC., et al., Third-Party Plaintiffs-Respondents, v McNEIL LABORATORIES, INC., et al., Third-Party Defendants-Respondents. — Order, Supreme Court, Bronx County (Fusco, J.), entered June 9, 1983 which, *inter alia,* denied plaintiffs' motion to vacate a dismissal and to restore the action to the Trial Calendar for failure to comply with the terms of a prior order, entered July 28, 1982, conditionally granting plaintiffs' motion to vacate and restore, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, defendants' motion and cross motions to dismiss the complaint denied on the merits, and plaintiffs' motion to vacate and restore granted on condition that plaintiffs' attorneys comply with the conditions contained in the July 28, 1982 order. In the event said conditions are not complied with within 30 days of entry of this order, the order entered July 9, 1983 is affirmed, without costs or disbursements. Special Term grounded its dismissal solely on the failure of plaintiffs' attorneys to pay costs of $250 to each of four defendants within 20 days of entry of its July 28, 1982 order. Payment was made on September 9, 1982, 22 days after the expiration of the 20-day period provided for payment. In the circumstances, even had Special Term expressly taken into account the earlier delays to which plaintiffs' counsel contributed, the complaint should not have been dismissed. The delay was insignificant and Special Term had, in its earlier July 28, 1982 decision, recognized the merits of the action. Dismissal here was inappropriate for the further reason that the Statute of Limitations apparently has not run on the main action, asserted by an infant to recover damages for malpractice. All that is accomplished is the substitution of a second lawsuit, absent the derivative claim, for the first. Concur — Sullivan, J. P., Ross, Carro, Lynch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIAMS, Appellant. — Judgment, Supreme Court, New York County (Robert Haft, J.), rendered on November 2, 1981, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Ross, Silverman, Fein and Milonas, JJ.